UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Micah Wenger and Tamara Wenger )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Holly Teeter )<br>)<br>Defendant. )<br>) | Case No. 24-1191- DDC-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Recusal and Demand for Judges' Oath (ECF No. 26). After review of Plaintiffs' Motion and Defendant's Response (ECF No. 27) the Court **DENIES** Plaintiffs' Motion **(ECF No. 26)** for the reasons outlined below. The Court further advises Plaintiffs, because the Court has ordered discovery is stayed (ECF No. 8) pending the District Judge's ruling on Defendant's Motion to Dismiss, any additional motions filed ahead of the resolution of Defendant's Motion to Dismiss (ECF No. 7) will be summarily denied.

**I.      Background[1]**

As far as the Court can discern from Plaintiffs' Complaint filed on October 18, 2024, they bring a suit against District Judge Holly Teeter alleging violations of their civil rights

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

1

based on her presiding over one of their cases, Case No. 24-1100, asserting District Judge Teeter lacked authority under Article III of the Constitution. On November 11, 2025, Defendant moved to dismiss this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (ECF No. 7). The Court ordered discovery in the matter to be stayed until after the Motion to Dismiss has been decided by the District Judge (ECF No. 8).

Despite the Court's Order, Plaintiffs continue to engage in repetitive motion practice. Plaintiffs filed multiple, largely frivolous, motions for order, recusal, and demanding notice to their "counsel" (ECF Nos. 17, 19, 26). Because Plaintiffs do not meaningfully engage in motion practice beyond filing their motions, the first two motions were stricken per the Court's Orders (ECF Nos. 21 & 23). Here again, the instant Motion (ECF No. 26) renews many of Plaintiffs' previously stricken demands for relief, requesting District Judge Holly Teeter, Defense Counsel Christopher Allman, presiding District Judge Daniel D. Crabtree, and the undersigned produce their oaths of office, send all correspondence to Plaintiffs' "counsel" Scott Barnard, and for the undersigned and Defense Counsel Christopher Allman to immediately recuse themselves (ECF No. 26 at 5). Defendant's Response to the Motion was filed on July 15, 2025 and Plaintiffs filed no Reply. Thus, Plaintiffs' Motion (ECF No. 26) is ripe for determination.

**II.    Discussion**

Federal judges are under no obligation to demonstrate to litigants they took their oaths of office.[2] All federal judges take a publicly available statutory oath before performing their duties.[3] Additionally, any attorneys practicing before the federal judges in the District of Kansas are required to meet the pleading requirements of D. Kan. R. 5.1(b), by including their state supreme court registration numbers, and the admission requirements of D. Kan. R. 83.5.2.

Plaintiffs' Motion requests District Judge Teeter, Defense Counsel Christopher Allman, presiding District Judge Daniel D. Crabtree, and the undersigned all produce their oaths of office and for their "counsel" Scott Bernard to be recognized and served all correspondence in the case. First, insofar as the production of oaths is a transparent attempt to conduct discovery to bolster Plaintiffs' claim, this request is premature because of the Order staying discovery. Second, where this production seeks identical oaths from District Judge Teeter, her counsel, as well as the presiding Court, something wholly irrelevant and publicly available,[4] the Court refuses to engage with the request.

Lastly, Scott Bernard is not a member of the bar in the District of Kansas. And, Plaintiffs have elected to represent themselves in this matter.[5] No counsel has entered an appearance on Plaintiffs' behalf, in accordance with the D. Kan. Local Rules, to date.

---

[2] *See Wenger v. Price*, No. 25-1048-JWB-BGS, 2025 WL 1939948, at *1 (D. Kan. July 15, 2025) (citing *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007)); *American Fam. Mut. Ins. Co. v. Orlowski*, No. 08-0763-DME-KMT, 2009 WL 1698504, n.2 (D. Colo. June 15, 2009).
[3] 28 U.S.C. § 453.
[4] 28 U.S.C. § 453. *See United States v. Conces*, 507 F.3d 1028, 1041, n.13 (6th Cir. 2007).
[5] ECF No. 1 at 9.

3

Plaintiffs will be served all notice and correspondence and the request for the Court to recognize Scott Bernard will not be permitted.

In terms of Plaintiffs' request for the undersigned Magistrate Judge to recuse, two statutes govern recusal of a judge, 28 U.S.C. §§ 144 and 455. Section 455(a) requires any "justice, judge, or magistrate judge of the United States" to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." It requires "disqualification for the appearance of impartiality, whereas § 455(b)(1) requires disqualification for actual partiality."[6] "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[7] The litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[8] "But § 455(a) must not be construed so broadly that it mandates recusal based on unsubstantiated suggestions of bias."[9]

And, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is."[10] Adverse judicial rulings "almost never constitute a valid basis for a bias or partiality motion."[11] "When no

---

[6] *Mead v. Huff,* No. 21-4092-HLT, 2022 WL 1014775, at *1 (D. Kan. Apr. 5, 2022) (citing *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019)).
[7] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).
[8] *Allen v. Evergy, Inc.,* No. 21-4068-KHV, 2021 WL 5161748, at *1 (D. Kan. Nov. 5, 2021) (citing *Zhu v. Johns*, No. 07-4001-KHV, 2007 WL 4561526, at *1 (D. Kan. Dec. 21, 2007)).
[9] *Mead*, at *2 (citing *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993)).
[10] *Allen,* at *2 (citing *Hinman,* 831 F.2d at 939 (10th Cir. 1987)).
[11] *Allen,* at *2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). *See also Glass v. Pfeffer,* 849 F.2d 1261, 1268 (10th Cir. 1988) (citing *United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976)); *Smith v. Halford,* 570 F.Supp. 1187, 1189 (D. Kan. 1983) (citing *United States v. Goeltz,* 513 F.2d 193 (10th Cir.), *cert. denied* 423 U.S. 830 (1975)).

extrajudicial source is relied upon as grounds for recusal, 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"[12] No instance warranting the undersigned's recusal exists in this case.

Plaintiffs' Motion requests both the undersigned and Defendant's counsel, Christopher Allman recuse themselves from the case asserting they file "responses" "based on authorities that are inapplicable to suits at common law" "which can only be decided by a jury."[13] Mr. Allman is not a party in this matter, he is counsel for District Judge Teeter. And no law for judicial recusal is cited by Plaintiffs, nor do they really claim any judicial bias or impartiality warranting recusal. The undersigned cannot recuse merely because Plaintiffs do not want her involved in the matter and dislike her prior orders. In fact, the undersigned is obligated not to recuse on such frivolous basis.

**IT IS THEREFORE ORDERED.** Plaintiffs' Motion **(ECF No. 26)** is **DENIED.** Plaintiffs are strongly discouraged from renewing these requests for relief.

**IT IS FURTHER ORDERED.** Any additional Motions filed ahead of the District Judge's resolution of the Defendant's Motion to Dismiss (ECF No. 7), will be summarily denied.

---

[12] *Allen,* at *2 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).
[13] ECF No. 26 at 2.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of July 2025.

                                              s/ Gwynne E. Birzer
                                              GWYNNE E. BIRZER
                                              United States Magistrate Judge