IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICAH WENGER, et al.,

Plaintiffs,                    Case No. 24-1191-DDC-GEB

v.

HOLLY TEETER,

Defendant.

<u>**MEMORANDUM AND ORDER**</u>

Plaintiffs Micah and Tamara Wenger[1] aren't new to our court.  In one of their earlier lawsuits, District Judge Holly Teeter presided over—and dismissed—their case.  Doc. 1 at 1–2 (Compl. § II); *see also Wenger v. Johnson*, No. 24-1100-HLT-BGS, 2024 WL 4625541 (D. Kan. Oct. 30, 2024).  Now, plaintiffs assert claims against Judge Teeter premised on her conduct in that earlier case.  They allege that she acted in an unauthorized and improper fashion.  Doc. 1 at 1 (Compl. § II).  In so conducting herself, plaintiffs contend Judge Teeter violated their Seventh Amendment and due process rights.[2]  *Id.*

Judge Teeter has moved to dismiss plaintiffs' claims against her.  Doc. 7 at 6–12 (arguing absence of subject matter jurisdiction and judicial immunity).  Plaintiffs' untimely Response

---

[1]    Plaintiffs proceed pro se.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).  But the court can't "assume the role of advocate for the pro se litigant."  *Id.*

[2]    This case doesn't travel alone—it has a companion—captioned *Wenger v. Severson*, No. 24-1190-DDC-GEB.  Although different members of the Wenger family come as plaintiffs in each case, plaintiffs' filings in both cases nearly mirror each other.  The pending Motions to Dismiss do the same.  Following the parties' lead, the court's orders dismissing the two cases are similar, as well.

asserts that any "pretrial motions are frivolous and inconsequential." Doc. 9 at 4 (quotation cleaned up). That's because, in plaintiffs' view, their claim must "be heard and seen by a jury . . . as is [their] Constitutional right." *Id.* At bottom, plaintiffs argue that Judge Teeter "openly use[d] her authority to undermine [the] protections" afforded by the Constitution and the Bill of Rights. *Id.* at 8.

The court begins its analysis with whether plaintiffs sue Judge Teeter in her individual or official capacity. The court concludes plaintiffs assert just individual capacity claims. With that conclusion in hand, the court then evaluates Judge Teeter's Motion to Dismiss (Doc. 7). It starts with her subject matter jurisdiction argument and concludes the court lacks subject matter jurisdiction over some of plaintiffs' claims. For any remaining claims, the court concludes judicial immunity applies. And so, the court grants Judge Teeter's Motion to Dismiss (Doc. 7).[3]

---

[3]      Defendant is another judge of this court. So, to ensure fairness and impartiality, the court considers whether it's appropriate for a judge on this court to decide this case. To that end, the court raises—on its own—whether the circumstances here warrant judicial recusal. 28 U.S.C. § 455(a) requires any "justice, judge, or magistrate judge of the United States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." At first blush, a district judge presiding over a matter in which one party is a fellow district judge of the same court might raise a concern. But it "takes more than speculation or suspicion of bias to require recusal. And . . . the judge's familiarity with a defendant [is] not enough." *Diaz v. King*, 687 F. App'x 709, 713 (10th Cir. 2017) (citation omitted).

What's more, judicial immunity applies here. And the Committee on Codes of Conduct has clarified—in a published opinion—that recusal is rarely appropriate where judicial immunity resolves a case against a fellow judge. *See* Advisory Opinion No. 103, https://www.uscourts.gov/file/25673/download (last visited August 30, 2025) ("Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate."). In keeping with this guidance, courts routinely have concluded recusal is unnecessary where judicial immunity applies. *See, e.g.*, *McMurray v. Smith*, No. CIV 08-0805 JB/KBM, 2008 WL 8836074, at *1 n.1 (D.N.M. Sept. 29, 2008) (explaining sua sponte—in case against judges in the same district—that the court needn't recuse because "judicial immunity will be a complete defense to the action against the judge" (quotation cleaned up)); *Sain v. Snyder*, No. CIV 08-1019 JB/LFG, 2009 WL 1329520, at *4 (D.N.M. Apr. 6, 2009) (concluding judicial recusal unnecessary in case where litigant contemplated contesting judicial actions with suit against judge because judicial immunity would resolve contemplated litigation); *Baker v. S.C. Fed. Ct.*, No. 6:24-CV-6342-DCC-WSB, 2024 WL 5323841, at *5 (D.S.C. Nov. 20, 2024), *report and recommendation adopted*, 2025 WL 92314 (D.S.C. Jan. 14, 2025) (finding recusal unnecessary where plaintiff purports to name court as defendant because judicial immunity applies to action).

# I.    Background

The facts recited below come from plaintiffs' Complaint (Doc. 1).  The court accepts plaintiffs' "well-pleaded facts as true, view[s] them in the light most favorable to [them], and draw[s] all reasonable inferences from the facts" in their favor.  *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted).

Plaintiffs "bring this Suit at Common-Law against Holly Teeter, in her private capacity, for her unauthorized and improper involvement in a case [previously] pending within this court." Doc. 1 at 1 (Compl. § II); *see also Wenger v. Johnson,* No. 24-1100-HLT-BGS.  The underlying facts of plaintiffs' earlier lawsuit do not inform this case.  Instead, plaintiffs contend Judge Teeter's actions in the previous case "directly violated the supreme law of our nation, including . . . [their] right under the Seventh Amendment to an unobstructed jury trial and [their] right to due process."  *Id.*

Plaintiffs allege nine claims against Judge Teeter, including:  Unauthorized Judicial Involvement, Overruling of Objections Without Authority, Violation of Due Process and Jury Rights, Failure to Uphold the Law, Coercion into Article I Jurisdiction, Fraud, War Against the Constitution, Obstruction of Justice, and Deprivation of Rights Under the Color of Law.  *Id.* at 3–5 (Compl. § IV).  Underlying all these claims, plaintiffs allege Judge Teeter violated the Constitution by "continu[ing] to issue orders and threats of dismissal of our case despite . . . having no authority to intervene and no consent from us to intervene in our common law claim." *Id.* at 2 (Compl. § II).  Plaintiffs seek $22,000,000 in compensatory damages.  *Id.* at 9 (Compl. § VI).

The common thread linking all of plaintiffs' claims to each other is this:  They think they're legally entitled to have a jury hear and decide every single aspect of their disputes with their adversary.  Plaintiffs are entitled to their opinions.  But what they aren't entitled to do is

replace established rules of law with their opinion. And that's what plaintiffs' claims here try to do. The court rejects plaintiffs' approach and, below, explains why.

## II.    Individual or Official Capacity

Because plaintiffs asserted claims against a government officer, the court assesses, first, whether plaintiffs sue Judge Teeter in her official or individual capacity. Judge Teeter's motion presents arguments in the alternative that turn on a distinction between the two types of claims. Below, the court concludes that plaintiffs sue Judge Teeter solely in her individual capacity.

"In discerning whether a lawsuit is against a defendant personally or in [her] official capacity, the caption may be informative but clearly is not dispositive." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). When "'the complaint fails to specify the capacity in which the government official is sued, [the court must] look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.'" *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (quoting *Pride*, 997 F.2d at 715). The "capacity in which a defendant is sued" and "the capacity in which the defendant was acting when the alleged deprivation of rights occurred . . . need not coincide." *Pride*, 997 F.2d at 715 n.2 (quotation cleaned up).

Here, the Complaint explicitly identifies this as an individual capacity suit. The Complaint's first substantive sentence recites that plaintiffs "bring this Suit . . . against Holly Teeter, in her *private capacity*[.]" Doc. 1 at 1 (Compl. § II) (emphasis added). The Complaint's caption and defendant description bolster this conclusion. In the caption, plaintiffs identify defendant simply as "Holly Teeter," making no mention of her title as a judicial officer. *Id.* (Compl.). And plaintiffs describe defendant—in a section labeled "Parties and Capacity of"—as "Holly Teeter: A woman, non-commercial/non-legal in nature." *Id.* (Compl. § I). The court

4

thus concludes that plaintiffs intend to assert claims against Judge Teeter in her individual capacity—and only in her individual capacity.[4]

### III.    12(b)(1) Motion

In one of her dismissal arguments, Judge Teeter characterizes plaintiffs' allegations as a collateral attack on her rulings in *Wenger v. Johnson*, No. 24-1100-HLT-GEB. *See* Doc. 7 at 6–8. Judge Teeter argues the court lacks subject matter jurisdiction over such collateral attacks. *See id.* Because the court can't evaluate the case's merits without first concluding that it possesses subject matter jurisdiction over the claims, the court evaluates Judge Teeter's collateral attack argument first. *See Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024) (explaining that "federal courts . . . are courts of limited subject-matter jurisdiction," and so "may only hear cases when empowered to do so by the Constitution and by act of Congress" (quotation cleaned up)).

### A.    Legal Standard

Under Rule 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

---

[4]    One of Judge Teeter's dismissal arguments contends that sovereign immunity bars plaintiffs from seeking monetary damages from defendant in her official capacity. Doc. 7 at 8–10. The court's conclusion that plaintiffs assert just individual capacity claims renders more fulsome treatment of the sovereign immunity argument unnecessary. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Federal officers acting in their *official* capacities are also shielded by sovereign immunity." (emphasis added) (quotation cleaned up)).

*see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (presuming "no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction" (internal quotation marks and citation omitted)).  Where, as here, Judge Teeter bases her motion on a "facial attack on the complaint, a district court must accept the allegations in the complaint as true."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

### B.    Subject Matter Jurisdiction

Plaintiffs' claims are a bit hard to track.  It's evident, however, that they disagree—at least in part—with Judge Teeter's rulings in their earlier case.  *See* Doc. 1 at 5 (Compl. § IV) (alleging Judge Teeter committed fraud by applying "statutes that only apply to 'legal' claims"); *id.* (alleging Judge Teeter "relied on inapplicable statutes and civil procedures"); *id.* at 7 (Compl. § VI) (seeking original damages from earlier case).  But it's less clear whether plaintiffs ask this court to revisit those rulings.  Judge Teeter emphasizes that "[d]isagreements with rulings in a suit are matters for appeal, not collateral litigation."  Doc. 7 at 6.  And this court isn't an appellate court.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]").

To the extent plaintiffs' claims collaterally attack Judge Teeter's earlier rulings, plaintiffs are in the wrong place.  They should've sought review from the Tenth Circuit instead.  *See Edwards v. Wilkinson*, 233 F. Supp. 2d 34, 37 (D.D.C. 2002) ("Appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge in her judicial capacity."); *Verogna v. Johnstone*, 583 F. Supp. 3d 331, 337 (D.N.H. 2022) ("Because this court lacks authority to hear a challenge to another federal judge's rulings, the court lacks subject-matter jurisdiction to hear [plaintiff's] claims.");

*cf. also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (concluding collateral attack to bankruptcy judge's injunction improperly circumvented appeal process).

But here, plaintiffs do a little more than seek a second opinion—they challenge Judge Teeter's judicial authority. *See* Doc. 1 at 1 (Compl. § II) (challenging Judge Teeter's "unauthorized and improper involvement" in their case, violating their Seventh Amendment and due process rights); *id.* at 2 (asserting Judge Teeter had "no authority to intervene . . . in [their] common law claim"); *id.* at 5 (Compl. § IV) (alleging Judge Teeter committed fraud, "war against the constitution," and obstruction of justice); *id.* at 8 (Compl. § VI) (seeking damages for Judge Teeter's "knowing abridgment of rights"). It's possible to construe these claims as asserting some sort of intentional-tort-like theories or challenging Judge Teeter's jurisdiction over its earlier case—not just seeking review of her earlier rulings. So, the court won't go as far as Judge Teeter suggests. The court concludes it has subject matter jurisdiction over part of this case. But, to the extent plaintiffs ask the court to revise rulings Judge Teeter made in the earlier case—*Wenger v. Johnson*, No. 24-1100-HLT-BGS—those claims are dismissed without prejudice for lack of subject matter jurisdiction. *See Harrison v. United States*, 329 F. App'x 179, 182 (10th Cir. 2009) ("Because the district court lacked jurisdiction over the claims raised in [plaintiff's] complaint, those claims should have been dismissed without prejudice.").

That conclusion doesn't change much for plaintiffs, however. That's so because their remaining claims fail under Judge Teeter's Rule 12(b)(6) challenge. Begin with the Rule 12(b)(6) legal standard.

## IV.    12(b)(6) Motion

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a motion to dismiss under Rule 12(b)(6), the court must take the complaint's factual allegations as true. *Iqbal*, 556 U.S. at 678. But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual "allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. That is, "a complaint cannot rely on labels or conclusory allegations[.]" *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quotation cleaned up). "'A conclusory allegation is one in which an inference is asserted without stating underlying facts or including any factual enhancement.'" *Id.* (quoting *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023)).

B.    **Judicial Immunity**

The court concludes Judge Teeter is immune—absolutely—from plaintiffs' claims for damages here.  Absolute judicial immunity "'bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.'"  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)).  This immunity applies to "judicial acts."  *Id.* (quotation cleaned up).

But "a judge is not immune from liability for nonjudicial actions" or "for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *see also Fletcher v. Tymkovich*, 786 F. App'x 826, 827 (10th Cir. 2019) (unpublished) (recognizing *Mireles*'s two sets of circumstances which overcome judicial immunity for federal judges); *McKenzie v. Robinson*, No. 10-2127-EFM, 2010 WL 1881073, at *2 (D. Kan. May 10, 2010) ("To overcome this immunity, Plaintiff must demonstrate that the acts undertaken [by federal judges] were done either outside of their judicial capacity or were taken in the complete absence of any jurisdiction.").

Here, plaintiffs allege that Judge Teeter acted beyond her judicial capacity and jurisdiction.  They contend that Judge Teeter's actions in *Wenger v. Johnson* constituted "unauthorized and improper involvement," which "violated the supreme law of our nation[.]"  Doc. 1 at 1 (Compl. § II.).  They further contend that "[d]espite [their] explicit objections and refusal of consent," Judge Teeter "inserted herself into proceedings," and in doing so, deprived them of their "rightful access to a jury trial[.]"  *Id.* at 1–2 (Compl. § II.  But plaintiffs haven't alleged any nonconclusory allegations of extrajudicial wrongdoing or a clear absence of jurisdiction.

9

### *Nonjudicial Acts*

"Determining whether an act is a 'judicial one' requires an inquiry into the nature of the act itself." *Fletcher*, 786 F. App'x at 827 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "The court must evaluate whether the act is 'normally performed by a judge,' and whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Stump*, 435 U.S. at 362). Our Circuit has concluded that where federal judges "engaged in [allegedly] unconstitutional conduct only while presiding over . . . civil lawsuits, [the judges] were performing judicial acts and were therefore clothed with absolute judicial immunity." *Andrews*, 483 F.3d at 1076 (internal quotation marks and citation omitted). Here, each one of plaintiffs' allegations assert conduct adjudicating their other civil dispute. *See generally* Doc. 1 (Compl.). And all the alleged conduct involves actions normally performed by a judge in her judicial capacity. Plaintiffs haven't alleged any actions by Judge Teeter occurring outside those proceedings. So, plaintiffs haven't shown Judge Teeter engaged in "nonjudicial actions[,]" such that judicial immunity is overcome. *See Mireles*, 502 U.S. at 11.

### *Absence of Jurisdiction*

Plaintiffs also allege Judge Teeter acted without jurisdiction. But, to allege as much, the Complaint relies on a conclusory factual allegation and an inaccurate legal conclusion. The court needn't accept either. *See EEOC v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1362 (D. Colo. Sept. 25, 2023) ("In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth."); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law[.]"); *McNellis*, 116 F.4th at 1131 ("A complaint cannot rely on

labels or conclusory allegations—a formulaic recitation of the elements of a cause of action will not do." (quotation cleaned up)).  Start with the conclusory factual allegation.

*First*, plaintiffs allege Judge Teeter improperly moved a common law suit to "an Article I administrative court[.]"  Doc. 1 at 3 (Compl. § IV).  They theorize that Judge Teeter is an Article I judge—when they sought an Article III judge.  *See id.* (Compl. § III) (describing "Magistrate Judge Holly Teeter" and alleging plaintiffs objected to Judge Teeter's "interference and adjudication by an administrative Article I judge").  But plaintiffs merely allege—in conclusory fashion—that Judge Teeter is an Article I judge.  *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (on 12(b)(6) motion, court accepts as true "well-pleaded facts," not "conclusory allegations").  Judge Teeter is an Article III United States District Judge.  And the court takes judicial notice of her status.[5]  Plaintiffs thus haven't alleged facts plausibly suggesting Judge Teeter acted beyond her judicial authority.

*Second*, plaintiffs allege Judge Teeter's orders violated plaintiffs' Seventh Amendment jury trial right.  Doc. 1 at 4 (Compl. § IV).  Essentially, they suggest Judge Teeter issued dispositive orders—when she should've sent plaintiffs' claims to jury.  *See, e.g.*, *id.* at 5 (Compl.

---

[5]     Judge Teeter asks the court to take judicial notice of her role as a District Judge.  *See* Doc. 7 at 3 n.2; *District Judge Holly L. Teeter*, United States District Court District of Kansas, https://www.ksd.uscourts.gov/content/district-judge-holly-l-teeter (last visited Aug. 18, 2025) (explaining Judge Teeter's unanimous confirmation by the United States Senate as a district court judge); *see also Wenger v. Johnson*, 2024 WL 4625541, at *2 n.4 (Judge Teeter attesting her status as "an Article III judge (not an Article I judge)").

The court takes judicial notice of Judge Teeter's Article III status.  *See United States v. Franklin*, No. 06-20176-01-JWL, 2009 WL 4377860, at *3 (D. Kan. Nov. 23, 2009) ("The court takes judicial notice, however, that contrary to [defendant's] assertion, the undersigned was in fact appointed, confirmed, and sworn in as an Article III judge."); *Binford v. United* States, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) ("The court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." (quotation cleaned up)); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.").

§ V) ("The notion that Holly Teeter—or any judge—can prevent our claim from reaching a jury is fundamentally unsound, as the 7th Amendment makes no allowances for bureaucratic obstacles of this kind.")  But "neither dismissal nor summary judgment violates the Seventh Amendment right to a jury trial."  *Sutton v. Leeuwen*, 708 F. App'x 514, 517 (10th Cir. 2017); *see also Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) ("The district court's dismissal of [plaintiff]'s complaint under Rule 12(b)(6) did not violate [his] right to a jury trial under the Seventh Amendment[.]"); *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014) (dismissal pursuant to a 12(b)(6) motion does not violate right to jury trial under the Seventh Amendment); *Acosta v. Democratic City Comm.*, 767 F. App'x 392, 394 (3d Cir. 2019) (same).  Plaintiffs rely on an inaccurate legal conclusion to suggest Judge Teeter acted absent jurisdiction.  *See Kan. Penn Gaming*, 656 F.3d at 1214 ("[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law[.]").  So, plaintiffs' Seventh-Amendment-based inaccurate legal conclusion doesn't remove Judge Teeter's judicial-immunity shield.[6]

Plaintiffs fail to allege—beyond mere conclusions and misstatements of law—that any actions taken by Judge Teeter were extrajudicial or taken absent jurisdiction.  By all accounts, plaintiffs' well-pleaded factual allegations show Judge Teeter performed acts "'normally performed by a judge.'"  *Fletcher*, 786 F. App'x at 827 (quoting *Stump*, 435 U.S. at 362).  So, to the extent plaintiffs assert more than a collateral attack on Judge Teeter's earlier rulings, they fail to state a claim.  Judge Teeter is entitled to absolute judicial immunity from civil liability in her personal capacity.  *See McKenzie*, 2010 WL 1881073, at *3 ("[Where plaintiffs' claims] fall

---

[6] Plaintiffs also allege generally that the entire "legal system" is "repugnant to the Bill of Rights" and "has no legitimate power over men and women[.]"  Doc. 1 at 5–6 (Compl. § V).  Such a notion is a legal conclusion—and a frivolous one at that.  The court doesn't address this allegation.

squarely within . . . the doctrine of judicial immunity . . . they are dismissed for failure to state a

claim upon which relief may be granted"). And the court dismisses plaintiffs' Complaint—to the

extent it doesn't seek review of rulings—with prejudice. *See Ray v. Quisenberry*, No. CIV-22-

823-D, 2023 WL 2447598, at *2, 3 (W.D. Okla. Mar. 10, 2023) (dismissing claims against state

judge with prejudice based on judicial immunity), *aff'd*, No. 23-6038, 2023 WL 3634720 (10th

Cir. May 25, 2023) (finding no error in decision to dismiss with prejudice claims barred by

absolute judicial immunity); *Smith v. Arguello*, 415 F. App'x 57, 61 (10th Cir. 2011) (affirming

district court's dismissal of plaintiff's claims for several reasons including "the doctrines of

judicial immunity" and concluding that "the district court properly entered the dismissal with

prejudice").

## V.    Conclusion

Either way the court slices things, plaintiffs' claims can't survive. To recap, plaintiffs

assert claims against Judge Teeter in just her individual capacity. And the court either lacks

subject matter jurisdiction over plaintiffs' collateral attack on Judge Teeter's earlier rulings or

plaintiffs' claims are barred by judicial immunity. The court thus grants Judge Teeter's Motion

to Dismiss (Doc. 7).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Holly Teeter's

Motion to Dismiss for Failure to State a Claim (Doc. 7) is granted. Plaintiffs' Complaint—to the

extent it asks this court to revise Judge Teeter's rulings—is dismissed without prejudice for lack

of subject matter jurisdiction. Any remaining claims are dismissed with prejudice.

**IT IS SO ORDERED.**

**Dated this 5th day of September, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

13